UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| CHARLES A. DIDONATO, ) | |
| ) | |
| Defendant. ) | |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the Director of the Superfund and Emergency Management Division of the United States Environmental Protection Agency ("EPA") for Region I, files this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, ("CERCLA"), 42 U.S.C. § 9607. In this action, the United States seeks the recovery of certain costs incurred in response to releases or threatened releases of hazardous substances into the environment at or from the New Hampshire Dioxane Site ("Site"), which includes a contaminated residential well field located in Atkinson, New Hampshire and a facility located in Hampstead and Atkinson, New Hampshire that is the source of releases or threatened releases of hazardous substances to the well field.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 & 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANT

4. Charles A. DiDonato ("DiDonato") is an individual who resides in or has resided in Massachusetts. DiDonato is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY BACKGROUND

5. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

6. Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

7. For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority. The Regional Administrator for EPA Region I further re-delegated this authority to the Director of the Superfund and Emergency Management Division of EPA Region I.

8. "Facility" is defined in CERCLA Section 101(9) to include "any building, structure, installation, equipment, pipe or pipeline" or "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed . . . ."  42 U.S.C. § 9601(9).

9. "Release" is defined in CERCLA Section 101(22) as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant) . . . ."  42 U.S.C. § 9601(22).

10. "Disposal" is defined in CERCLA Section 101(29) by reference to the Solid Waste Disposal Act (SWDA).  42 U.S.C. § 9601(29). The SWDA defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters."  42 U.S.C. § 6903(3).

11. "Environment" is defined in CERCLA Section 101(8) as "(A) the navigable waters, . . . and (B) any other surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air within the United States or under the jurisdiction of the United States."  42 U.S.C. § 9601(8).

12. "Hazardous substance" is defined in CERCLA Section 101(14) by reference to other federal statutes and by reference to a list of substances published by EPA at 40 C.F.R. § 302.4. 42 U.S.C. § 9601(14).

13. "Response," as defined in CERCLA Section 101(25), includes "removal" actions and enforcement activities related thereto. 42 U.S.C. § 9601(25).

14. "Removal" actions, as defined in CERCLA Section 101(23), include "provision of alternative water supplies." 42 U.S.C. § 9601(23).

15. "Person" is defined in CERCLA Section 101(21) as "an individual, firm, corporation, association, partnership . . . ." 42 U.S.C. § 9601(21).

16. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> \* \* \*
>
> from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance,
>
> shall be liable for –
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . .

## GENERAL ALLEGATIONS

17. Defendant DiDonato was a general partner of the DiJohn Realty Company, a New Hampshire general partnership, between 1983 and 1993. An individual who is or was a general

partner of a New Hampshire partnership is liable for the liabilities of the partnership engendered during the period that the individual is or was a general partner.

18. At relevant times, including between 1983 and 1993, the DiJohn Realty Company owned a facility with an address of 130 Route 111, Hampstead, New Hampshire (the "DiJohn Property"). The DiJohn Property included buildings and structures and areas where barrels were stored outside.

19. At relevant times, including between 1984 and 1993, the DiJohn Realty Company leased the DiJohn Property to Johnson and Johnston Associates, Inc. ("JJA"). The application for incorporation of JJA in 1984 listed James A. Johnston and Charles A. DiDonato as the incorporators and directors of JJA. At relevant times, including between 1984 and 1993, JJA operated a manufacturing facility at the DiJohn Property (a/k/a the "JJA facility"), where it manufactured, among other things, copper and aluminum foils.

20. During the time period that Mr. DiDonato was a general partner of DiJohn Realty Company (and during the time period when DiJohn Realty Company owned the DiJohn Property), disposal of hazardous substances at the DiJohn Property occurred, including a discharge of 1,1,1 trichloroethane ("TCA") down a storm drain on the east side of the property in 1989 and disposal resulting from storage of drums of hazardous substances outside, exposed to the weather, for long durations on the north side of the property. Rain and snow was observed on drums with open bungs in this storage area.

21. Sampling at the DiJohn Property has identified ground water in the bedrock aquifer contaminated with TCA, trichloroethylene ("TCE"), 1,4 dioxane ("dioxane"), 1,1-dichloroethane ("DCA"), 1,1-dichloroethene ("DCE"), and methyl tert-butyl ether ("MTBE"), each of which is a CERCLA hazardous substance. DCA and DCE are breakdown products of TCA and TCE, respectively. Dioxane is a common additive to TCA. The sampling indicates

5

that ground water contamination is more pronounced on the east side of the DiJohn Property in the vicinity of the storm drain and on the north side of the DiJohn Property in the vicinity of the former drum storage area.

22. In 2002 and 2003, the New Hampshire Department of Environmental Services ("NH DES") identified ground water contaminated with DCE, MTBE, and DCA in several residential wells drawing water from the bedrock aquifer in an area about 0.7 miles south/southwest of the DiJohn Property in the vicinity of Emery Drive and Belknap Drive in Atkinson, New Hampshire. NHDES installed point of entry ("POE") water treatment systems at four residences with contaminated ground water.

23. In 2011, NH DES sampled water after treatment by POE treatment systems at the four residences for dioxane. After finding dioxane in some of those samples at elevated levels, NH DES sampled additional residential bedrock wells located near the initial four residences in 2011 and 2012 and found dioxane in 45 residential wells in the area. In addition to dioxane, TCA, DCA, DCE, and MTBE were found in the residential well sampling data.

24. In 2012, NH DES requested EPA to evaluate the residential well sampling data and assist it in addressing the contaminated residential drinking water wells.

25. In 2013, EPA approved an Action Memorandum, authorizing a removal action under CERCLA to provide an alternate water supply, in the form of a water line extension to the Hampstead Area Water Company ("HAWC")'s water supply system, to connect certain residences to that water supply whose bedrock aquifer wells had contamination levels above the NH DES Ambient Groundwater Quality Standard ("AGQS") for dioxane.

26. As indicated in the Action Memorandum, EPA authorized the removal action because a threat to the residents' drinking water supply existed based on the existence of elevated dioxane levels in the residential wells (as well as DCE and DCA), which appeared to be

hydrologically linked to a likely contamination source, the DiJohn Property (which had high levels of dioxane, DCA, DCE, and TCA).

27. From 2013 to 2014, EPA installed water mains on Island Pond Road, Brookside Terrace, Belknap Drive, Emery Drive, Oak Ridge Drive, and Deer Run Road and connected designated residences with dioxane contamination over the NH DES AGQS to the HAWC system.

28. The DiJohn Property is a "facility" as that term is defined in Section 101 of CERCLA, 42 U.S. § 9601, as it includes buildings and structures and areas where hazardous substances have been deposited, stored, disposed of, or placed, or otherwise come to be located.

29. There was a "disposal" of "hazardous substances" at the DiJohn Property at relevant times, including between 1984 and 1993, as those terms are defined in Section 101(14) and (29) of CERCLA, 42 U.S.C. § 9601(14), (29).

30. There has been a "release" or threatened release of "hazardous substances" into the "environment," including the bedrock aquifer, at or from the DiJohn Property, as those terms are defined in Section 101(8), (14), and (22) of CERCLA, 42 U.S.C. § 9601(8), (14), (22).

31. There has been a "release" or threatened release of "hazardous substances" at or from the bedrock aquifer residential well field centered around Emery Drive and Belknap Drive at the Site into the "environment," as those terms are defined in Section 101(8), (14), and (22) of CERCLA, 42 U.S.C. § 9601(8), (14), (22).

32. The release or threatened release of hazardous substances from the DiJohn Property has resulted in the release or threatened release of hazardous substances to the bedrock aquifer residential well field centered around Emery Drive and Belknap Drive at the Site.

33. The release or threatened release of hazardous substances at the DiJohn Property into the environment has caused the incurrence of "response" costs, as defined in Section

101(25) of CERCLA, 42 U.S.C. § 9601(25), to address the contamination of the bedrock aquifer residential well field centered around Emery Drive and Belknap Drive at the Site.

34. In undertaking response actions to address the release or threatened release of hazardous substances into the environment from the DiJohn Property to the bedrock aquifer residential well field at the Site, including the provision of an alternate water supply to affected residents, EPA has incurred and will continue to incur response costs.

35. To date, EPA has incurred costs of approximately $ 4 million in response to the Site, of which at least $ 2.1 million has not been reimbursed.

36. The response costs incurred by EPA in connection with the Site were incurred in a manner not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## CLAIM FOR RELIEF

37. Paragraphs 1 through 36 are re-alleged and incorporated herein by reference.

38. As a general partner of the DiJohn Realty Company at a time of disposal of hazardous substances at the DiJohn Property, Charles A. DiDonato is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a) (2), as a person who owned or operated a facility at a time of disposal of hazardous substances at the facility from which releases or threatened releases of hazardous substances have resulted in EPA's incurrence of response costs at the Site.

39. Pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), Charles A. DiDonato is liable to the United States for all unreimbursed response costs incurred by the United States, including enforcement costs and interest, relating to the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

a. Enter judgment in favor of the United States and against the Defendant for all unreimbursed response costs incurred by the United States relating to the Site, including enforcement costs and prejudgment interest, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

b. Enter a declaratory judgment on Defendants' liability that will be binding in any subsequent action for further response costs or for natural resource damages, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and

c. Grant such other and further relief as the Court deems just and proper.

                        Respectfully submitted,

                        ELLEN M. MAHAN
                        Deputy Section Chief
                        Environmental Enforcement Section
                        Environment and Natural Resources Division
                        United States Department of Justice

                        /s/ Elizabeth Yu_____
                        ELIZABETH YU    DC Bar# 257899
                        Senior Counsel
                        Environmental Enforcement Section
                        Environment and Natural Resources Division
                        United States Department of Justice
                        P.O. Box 7611, Ben Franklin Station
                        Washington, DC 20044-7611
                        (202) 514-2277
                        elizabeth.yu@usdoj.gov

OF COUNSEL:

JOHN HULTGREN
Senior Enforcement Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency - Region I
5 Post Office Square – Suite 100 (ORC04-2)
Boston, MA 02109-3912
(617) 918-1761
hultgren.john@epa.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit (15 USC 1681 or 1692) |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| *Plaintiff(s)* | )<br>)<br>)<br>)<br>)<br>) |
| v. | ) Civil Action No. |
| *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |  |
|---|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. |

### NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| _____ *Plaintiff* v. _____ *Defendant* | ) ) ) Civil Action No. ) ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.