UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------x
UNITED STATES OF AMERICA,     :

            Plaintiff,     :    Civil Action No. 20-cv-58-JD

   v.     :

CHARLES A. DIDONATO,     :

            Defendant.     :
------------------------------------x

**CONSENT DECREE**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 1 |
| III. | PARTIES BOUND | 1 |
| IV. | DEFINITIONS | 1 |
| V. | PAYMENT OF RESPONSE COSTS | 3 |
| VI. | FAILURE TO COMPLY WITH CONSENT DECREE | 4 |
| VII. | COVENANTS BY PLAINTIFF | 5 |
| VIII. | RESERVATIONS OF RIGHTS BY UNITED STATES | 5 |
| IX. | COVENANTS BY SETTLING DEFENDANT | 5 |
| X. | EFFECT OF SETTLEMENT/CONTRIBUTION | 7 |
| XI. | RETENTION OF RECORDS | 8 |
| XII. | NOTICES AND SUBMISSIONS | 9 |
| XIII. | RETENTION OF JURISDICTION | 10 |
| XIV. | INTEGRATION | 10 |
| XV. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 11 |
| XVI. | SIGNATORIES/SERVICE | 11 |
| XVII. | FINAL JUDGMENT | 11 |

## I. BACKGROUND

A. The United States of America ("United States" or "Plaintiff"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the New Hampshire Dioxane Site ("Site") located in Atkinson and Hampstead, New Hampshire.

B. The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C. The United States and Settling Defendant (collectively, the "Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over the Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that he may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendant and his successors and assigns. Any change in ownership or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendant.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through the Effective Date, plus accrued Interest on all such costs through such date, for the removal action described in the Action Memorandum for the Site, dated June 10, 2013, and Action Memorandum Addendum for the Site, dated February 11, 2014.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Charles A. DiDonato.

"Site" shall mean the New Hampshire Dioxane Site, located in Atkinson and Hampstead, New Hampshire.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V. PAYMENT OF RESPONSE COSTS

4. **Payment by Settling Defendant for Past Response Costs.** Within 30 days after the Effective Date, Settling Defendant shall pay to EPA $1,700,000, plus an additional sum for Interest on that amount calculated from November 5, 2019 through the date of payment.

5. Settling Defendant shall make payment by Fedwire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the District of New Hampshire after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

>  Matthew C. Donahue
>  Eno Martin Donahue LLP
>  21 George Street
>  Lowell, MA 01852
>  978-452-8902
>  mdonahue@enomartin.com
>
>  and
>
>  Andrew Burns
>  Merrill/BOA
>  101 Derby Street
>  Hingham, MA 02043
>  781-741-9513
>  Andrew.d.burns@ml.com

on behalf of Settling Defendant. Settling Defendant may change the individual to receive payment instructions on his behalf by providing written notice of such change to DOJ and EPA in accordance with Section XII (Notices and Submissions).

6. **Deposit of Payment.** The total amount to be paid pursuant to Paragraph 4 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

7. **Notice of Payment.** At the time of payment, Settling Defendant shall send notice that payment has been made: (a) to EPA in accordance with Section XII (Notices and Submissions); (b) to DOJ by email or by mail in accordance with Section XII (Notices and Submissions); and (c) to the EPA Cincinnati Finance Center by email or by regular mail at:

3

**Email:**            cinwd_acctsreceivable@epa.gov

**Regular mail:**     EPA Cincinnati Finance Center
                      26 W. Martin Luther King Drive
                      Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 01 KA, and DJ Number 90-11-3-11469/1.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

8. **Interest on Late Payments.** If Settling Defendant fails to make full and complete payment under Paragraph 4 (Payment by Settling Defendant for Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9. **Stipulated Penalty**

   a. If any amounts due to EPA under Paragraph 4 (Payment by Settling Defendant for Past Response Costs) are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $1,000 per violation per day that such payment is late.

   b. Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties," shall reference Site/Spill ID Number 01 KA, and shall be made by Fedwire EFT to:

   > Federal Reserve Bank of New York
   > ABA = 021030004
   > Account = 68010727
   > SWIFT address = FRNYUS33
   > 33 Liberty Street
   > New York NY 10045
   > Field Tag 4200 of the Fedwire message should read
   > "D 68010727 Environmental Protection Agency"

   c. At the time of payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ as provided in Paragraph 7 (Notice of Payment).

   d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VII. COVENANTS BY PLAINTIFF

13. **Covenants for Settling Defendant by United States.** Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendant of his obligations under this Consent Decree. These covenants extend only to Settling Defendant and do not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Paragraph 13 (Covenants for Settling Defendant by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

    c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

    d. criminal liability; and

    e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX. COVENANTS BY SETTLING DEFENDANT

15. **Covenants by Settling Defendant.** Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its

contractors or employees, with respect to Past Response Costs and this Consent Decree, including but not limited to:

 a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

 b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of New Hampshire, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

 c. any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

16. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

17. **Waiver of Claims by Settling Defendant**

 a. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that he may have:

> (1) *De Micromis* Waiver. For all matters relating to the Site against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials;

 b. Exceptions to Waiver

> (1) The waiver under this Paragraph 17 shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person otherwise covered by such waiver if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

> (2) The waiver under Paragraph 17.a(1) (*De Micromis* Waiver) shall not apply to any claim or cause of action against any person otherwise covered by such waiver if EPA determines that: (i) the materials containing hazardous substances contributed to the Site by such person contributed significantly or could contribute significantly, either individually or in the

6

aggregate, to the cost of the response action or natural resource restoration at the Site; or (ii) such person has failed to comply with any information request or administrative subpoena issued pursuant to Section 104(e) or 122(e)(3)(B) of CERCLA, 42 U.S.C. § 9604(e) or 9622(e)(3)(B), or Section 3007 of RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site; or if (iii) such person has been convicted of a criminal violation for the conduct to which the waiver would apply and that conviction has not been vitiated on appeal or otherwise.

## X.   EFFECT OF SETTLEMENT/CONTRIBUTION

18.     Except as provided in Paragraph 17 (Waiver of Claims by Settling Defendant), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section IX (Covenants by Settling Defendant), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it or he may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

19.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

20.     The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

21.     Settling Defendant shall, with respect to any suit or claim brought by him for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against him for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon him. In addition, Settling Defendant shall notify EPA and DOJ within 10 days after service or receipt of any

Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

22. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

## XI. RETENTION OF RECORDS

23. Until 5 years after the Effective Date, Settling Defendant shall preserve and retain all non-identical copies of records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") now in his possession or control or that come into his possession or control, that relate in any manner to his liability under CERCLA with respect to the Site, and all Records that relate to the liability of any other person under CERCLA with respect to the Site. Each of the above record retention requirements shall apply regardless of any corporate or personal retention policy to the contrary.

24. At the conclusion of the record retention period, Settling Defendant shall notify EPA and DOJ and the State at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, and except as provided in Paragraph 25 (Privileged and Protected Claims), Settling Defendant shall deliver any such Records to EPA.

25. **Privileged and Protected Claims**

    a. Settling Defendant may assert that all or part of a Record is privileged or protected as provided under federal law, provided he complies with Paragraph 25.b, and except as provided in Paragraph 25.c.

    b. If Settling Defendant asserts a claim of privilege or protection, he shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendant shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendant shall retain all Records that he claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendant's favor.

    c. Settling Defendant may make no claim of privilege or protection regarding:

(1) any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

(2) the portion of any Record that Settling Defendant is required to create or generate pursuant to this Consent Decree.

26. **Business Confidential Claims**. Settling Defendant may assert that all or part of a Record submitted to Plaintiff under this Section (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Settling Defendant shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendant asserts a business confidentiality claim. Records that Settling Defendant claims to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendant.

27. Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

28. Settling Defendant certifies that, to the best of his knowledge and belief, after thorough inquiry, he has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to his potential liability regarding the Site since notification of potential liability by the United States and that he has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XII. NOTICES AND SUBMISSIONS

29. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email:**     eescdcopy.enrd@usdoj.gov
Re: DJ # 90-11-3-11469/1

9

| | |
|---|---|
| **As to DOJ by mail:** | EES Case Management Unit<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DJ # 90-11-3-11469/1 |
| **As to EPA:** | John Hultgren, Esq.<br>Senior Enforcement Counsel<br>Office of Regional Counsel<br>United States Environmental Protection Agency – Region 1<br>5 Post Office Square – Suite 100 (ORC04-2)<br>Boston, MA 02109-3912<br>hultgren.john@epa.gov<br><br>and<br><br>Tina Hennessy<br>Enforcement Coordinator<br>Superfund and Emergency Management Division<br>U.S. Environmental Protection Agency – Region 1<br>5 Post Office Square – Suite 100 (SEMD02-2)<br>Boston, MA 02109-3912<br>hennessy.tina@epa.gov |
| **As to Settling Defendant:** | Matthew C. Donahue<br>Eno Martin Donahue LLP<br>21 George Street<br>Lowell, MA 01862<br>978-452-8902<br>mdonahue@enomartin.com |

## XIII.   RETENTION OF JURISDICTION

30.   This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV.   INTEGRATION

31.   This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32. This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

33. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI. SIGNATORIES/SERVICE

34. The undersigned Settling Defendant, on behalf of himself, and the undersigned Deputy Section Chief, Environmental Enforcement Section, Environment and Natural Resources Division, U.S. Department of Justice, or her undersigned authorized representative, on behalf of the United States, each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

35. Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

36. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII. FINAL JUDGMENT

37. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 24Th DAY OF February, 2020.

Joseph A. DiClerico, Jr.
United States District Judge

Signature Page for Consent Decree Regarding New Hampshire Dioxane Site

**FOR THE UNITED STATES OF AMERICA:**

1/9/2020
Dated

*[signature]*
Ellen M. Mahan
Deputy Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

*[signature]*
Elizabeth Yu
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

Scott W. Murray
United States Attorney
District of New Hampshire

Frances Cohen
Assistant United States Attorney
District of New Hampshire
United States Attorney's Office
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Signature Page for Consent Decree Regarding New Hampshire Dioxane Site

1/6/20
Dated

Bryan Olson
Director
Superfund and Emergency Management Division
U.S. Environmental Protection Agency
Region 1
5 Post Office Square – Suite 100
Boston, MA 02109

12/03/2019
Dated

John Hultgren
Senior Enforcement Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency
Region 1
5 Post Office Square – Suite 100
Boston, MA 02109-3912

Signature Page for Consent Decree Regarding New Hampshire Dioxane Site

**FOR CHARLES A. DIDONATO**

12-11-19
Dated

_[signature]_
Charles A. DiDonato
476 Groton Road
Westford, MA 01886

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Matthew C. Donahue

Title: Partner, Eno Martin Donahue LLP

Address: 21 George Street

Lowell, MA 01862

Phone: 978-452-8902

email: mdonahue@enomartin.com